WILLIAM W. DANIELS, plaintiff in error, *vs.* THE MAYOR
AND COUNCIL OF THE CITY OF ATHENS, defendant in
error.

> The fact that a bridge over a stream crossing a public road is located within
> the limits of an incorporated town, does not of itself oust the county of
> control and management, and does not, therefore, impose upon the town
> any obligation to keep said bridge and its appurtenances in repair, if it be
> a county bridge.

Municipal corporations. Roads and bridges. County
matters. Before Judge RICE. Clarke Superior Court. February Term, 1874.

For the facts, see the decision.

S. P. THURMOND; JOHN C. REED, for plaintiff in error.

T. W. RUCKER; COBB, ERWIN & COBB, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for injuries sustained in consequence of the defective construction and dangerous condition of a bridge, or the abutment thereof, within the corporate limits of the town of Athens, across the Oconee river. The defendant pleaded to the plaintiff's action that the bridge complained of as the cause of the injury was constructed by the county of Clarke, and was, and always had been, a county bridge, controlled and managed by the said county of Clarke, and if any one is liable to the plaintiff for the injury complained of it is the county of Clarke, and not the defendant. The defendant also pleaded that the injury to the plaintiff was not caused by the carelessness or negligence of defendant, but was caused by the carelessness and negligence of the plaintiff. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $1,000 00. The defendant made a motion for a new trial on the grounds specified therein, which was granted· by the

court, and the plaintiff excepted. The court refused the defendant's request to charge the jury "that the fact that a bridge over a stream crossing a public road is located within the limits of an incorporated town does not of itself oust the county of control and management, and does not, therefore, impose upon the town any obligation to keep said bridge and its appurtenances in repair, if it be a county bridge," but in lieu thereof did charge, that "if the jury find that the embankment at which the plaintiff alleges he was injured is within the corporate limits, and if the jury are satisfied from the evidence that the plaintiff was injured, as he alleges, on that embankment, in consequence of the neglect of the defendant to use proper precautionary measures at said embankments to prevent accidents to passengers, then the plaintiff is entitled to recover of the defendant compensation in damages for the injury he sustained." The embankment mentioned in the charge of the court, it appears from the evidence in the record, was the abutment of the bridge, and connected therewith. It also appears from the evidence that the town corporation contributed funds as a donation for the building of the bridge, but it was built under the supervision, control and management of the county. There is no doubt that if the bridge had been built by the corporation, within its limits, under the power granted to it by the general assembly, and the same was a part of its streets, the defendant would have been liable to the plaintiff for the injury sustained in consequence of its defective condition. But that is not the case now before us. If this bridge was the property of the county, and not the property of the municipal corporation, although within the limits of the corporation, it was not bound to keep it in repair in the absence of any statutory liability to do so. In other words, the corporation of the town of Athens was not bound to keep in repair a bridge across a stream which was the property of the county of Clarke, although the same was within the corporate limits of the town, unless that duty had been imposed on it by some statute law of the state. There is some evidence of negligence on the part of the plaintiff

which would have authorized the court to charge the jury in relation to that point in the case, which the court failed to do. By refusing the defendant's request to charge the jury, and charging them as it did, the court wholly ignored the question as to the ownership of the bridge by the county of Clarke, which was one of the main grounds of the defendant's defense. This, in our judgment, was error; but as the court has corrected its own errors by granting a new trial, we affirm the judgment of the court below.

Judgment affirmed.